UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAUREN E. GABEL,

    Plaintiff,

v.

RICHARDS SPEARS KIBBE & ORBE LLP
n/k/a RICHARDS KIBBE & ORBE LLP,
LEE S. RICHARDS III, DAVID SPEARS,
LARRY G. HALPERIN, BRIAN S.
FRASER, JONATHAN KIBBE, WILLIAM
Q. ORBE, MICHAEL D. MANN, and JOHN
and JANE DOES 1 through 20,

    Defendants.

07 Civ. 11031 (CM)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/08

## CIVIL CASE MANAGEMENT PLAN
(for all cases except patent, IDEA and ERISA benefits cases,
and cases subject to the Private Securities Litigation Reform Act)

    1.    This case is to be tried to a jury on all claims so triable. The parties will submit to the Court any disputes as to which claims are triable by jury, e.g., claims under ERISA.

    2.    Discovery pursuant to Fed. R. Civ. P. 26(a) shall be exchanged by May 14, 2008.

    3.    No additional parties may be joined after September 15, 2008.[1]

    4.    No pleading may be amended after September 15, 2008.[1]

    5.    If your case is brought pursuant to 42 U.S.C. § 1983: In keeping with the United States Supreme Court's observation that the issue of qualified immunity should be decided before discovery is conducted, counsel representing any defendant who intends to claim qualified immunity must comply with the special procedure set forth in Judge McMahon's individual rules, which can be found at www.nysd.uscourts.gov.

---

[1] These dates are based upon the parties' expectation that they will complete sufficient document and deposition discovery by that date to make an informed judgment whether any additional parties or amendments to the pleadings are required. The parties have agreed in principle that if sufficient discovery is not completed by those dates, that they will submit a consent order to the Court requesting an extension of these dates for whatever limited additional time is necessary to complete the discovery necessary to make a decision regarding these issues.

Failure to proceed in accordance with the qualified immunity rules constitutes a waiver of the right to move for judgment on the ground of qualified immunity prior to trial. *Please identify any party who is moving to dismiss on qualified immunity grounds.*

6. All discovery, including expert discovery, must be completed on or before December 23, 2008. (For personal injury, civil rights, employment discrimination or medical malpractice cases only): Plaintiff's deposition shall be taken first, and shall be completed by July 31, 2008. PLEASE NOTE: the phrase "all discovery, including expert discovery" means that the parties must select and disclose their expert's identities and opinions, as required by Fed. R. Civ. P. 26(a)(2)(B), *well before* the expiration of the discovery period. Expert disclosures conforming with Rule 26 must be made no later than the following dates: Plaintiff(s) expert report(s) by October 22, 2008; Defendant(s) expert report(s) by December 8, 2008.

7. Judge McMahon's Rules governing electronic discovery apply automatically to this case. The parties must comply with those rules unless they supercede it with a consent order. the text of the order will be found at www.nysd.uscourts.gov.

8. This case has been designated to the Hon United States Magistrate Katz for resolution of discovery disputes. Do not contact Judge McMahon about discovery disputes; go directly to your assigned Magistrate Judge. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-*pro se* cases. *The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.* Judge McMahon does not routinely grant extensions so counsel are warned that if they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

9. A joint pre-trial order in the form prescribed in Judge McMahon's individual rules, together with all other pre-trial submissions required by those rules (not including *in limine* motions), shall be submitted on or before March 15, 2009. Following submission of the joint pre-trial order, counsel will be notified of the date of the final pre-trial conference. *In limine* motions must be filed within five days of receiving notice of the final pre-trial conference; responses to *in limine* motions are due five days after the motions are made. Cases may be called for trial at any time following the final pre-trial conference.

10. No motion for summary judgment may be served after the date the pre-trial order is due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial order and other pre-trial submissions on the assigned date.* The parties have stipulated and agreed to the following proposed briefing schedule in lieu of the standard briefing schedule:

a. February 6, 2009: Defendants to file and serve any notice of motion for summary judgment;

b. March 23, 2009: Plaintiff to submit opposition to Defendants' motion for summary judgment;

2

   c. April 6, 2009: Defendants to submit reply papers; and

   d. ~~Oral argument: If granted, to be scheduled by the Court.~~

 11. The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. Section 636(c).

 12. This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not assume that extensions will be granted as a matter of routine.* *No extensions will be granted.*

Dated:

New York, New York

Upon consent of the parties:

___s/_____     ___s/_____
J. Michael Riordan        Eric M. Nelson

_____     _____

_____     _____

SO ORDERED:

/s/ Colleen McMahon
Hon. Colleen McMahon
United States District Judge