UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAUREN E. GABEL,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARDS SPEARS KIBBE & ORBE LLP<br>n/k/a RICHARDS KIBBE & ORBE LLP, LEE<br>S. RICHARDS III, DAVID SPEARS, LARRY<br>G. HALPERIN, BRIAN S. FRASER,<br>JONATHAN KIBBE, WILLIAM Q. ORBE,<br>MICHAEL D. MANN, and JOHN and JANE<br>DOES 1 through 20,<br><br>    Defendants. | 07 Civ. 11031 (CM)<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND** |

Defendants, Richards Kibbe & Orbe LLP (formerly known as "Richards Spears Kibbe & Orbe LLP"), Lee S. Richards, III, David Spears, Larry G. Halperin, Brian S. Fraser, Jonathan Kibbe, William Q. Orbe and Michael D. Mann (collectively "Defendants"), by way of Answer to the First Amended Complaint of Plaintiff, hereby state:

### ANSWER TO PLAINTIFF'S ALLEGATIONS REGARDING "RELEVANT PARTIES AND JURISDICTION"

1.    Answering the allegations of Paragraph 1 thereof, Defendants admit, upon information and belief, that Plaintiff is a citizen of both the United States and the State of New York, with a residence in Brooklyn, New York; that from on or about October 1, 2001 through May 10, 2005 Plaintiff was an at-will employee of what was then known as Richards Spears Kibbe & Orbe ("RSKO"), working as said Defendant's Director of Finance and Administration; and that on or about May 10, 2005, Plaintiff was given written confirmation that her at-will employment was being terminated by RSKO, effective on that day, for a

legitimate, non-discriminatory and non-retaliatory reason. Except as herein expressly admitted, the remaining allegations of Paragraph 1 thereof are denied.

2. Answering the allegations of Paragraph 2 thereof, Defendant Richards Kibbe & Orbe ("RK&O") is a limited liability partnership authorized and existing under the laws of the State of New York with its principal place of business located at 1 World Financial Center, New York, New York. RK&O also maintains offices in Washington, DC and London and changed its name from Richards Spears Kibbe & Orbe in or about 2006. Except as herein expressly admitted, the remaining allegations of Paragraph 2 thereof are denied.

3. Defendants admit the allegations of Paragraph 3 thereof.

4. Defendants admit the allegations of Paragraph 4 thereof.

5. Defendants admit the allegations of Paragraph 5 thereof, except that Larry Halperin is no longer a trustee of the RK&O 401(k) Retirement Plan.

6. Defendants admit the allegations of Paragraph 6 thereof, except that Brian Fraser is no longer a trustee of the RK&O 401(k) Retirement Plan.

7. Defendants admit the allegations of Paragraph 7 thereof.

8. Defendants admit the allegations of Paragraph 8 thereof.

9. Defendants admit the allegations of Paragraph 9 thereof.

10. Answering the allegations of Paragraph 10 thereof, Defendants lack sufficient knowledge or information to form a belief regarding the identity of the fictitious persons referenced therein and, therefore, leave Plaintiff to her proofs with respect thereto. Except as herein expressly answered, Defendants deny the remaining allegations of Paragraph 10 thereof, including all allegations of wrongdoing contained therein.

11. Answering the allegations of Paragraph 11 thereof, Defendants admit that Plaintiff has asserted claims pursuant to the cited federal and state statutes but denies that

Plaintiff can state a valid claim thereunder. Defendants further state that the jurisdictional allegations contained therein assert conclusions of law to which no further response is required.

12. The allegations of Paragraph 12 thereof assert legal conclusions to which no further response is required. To the extent any factual allegations are contained therein, they are denied.

13. Answering the allegations of Paragraph 13 thereof, Defendants admit that on or about March 10, 2008, the U.S. Equal Employment Opportunity Commission ("EEOC") issued a Letter of Determination purportedly regarding Plaintiff's EEOC Charge and Defendants refer to the Letter of Determination for the terms and contents thereof. Except as herein expressly answered, the remaining allegations of Paragraph 13 thereof are denied, including any allegations in the EEOC Letter of Determination, Notice of Right to Sue, and Plaintiff's Amended Complaint that Defendants engaged in any discrimination, retaliation or other unlawful conduct.

14. Answering the allegations of Paragraph 14 thereof, Defendants admit that on or about March 11, 2008, the EEOC issued to Plaintiff a Notice of Right to Sue and Defendants refer to the Notice for the terms and contents thereof. Except as herein expressly answered, the remaining allegations of Paragraph 14 thereof are denied, including any allegations in the EEOC Letter of Determination, Notice of Right to Sue, and Plaintiff's Amended Complaint that Defendants engaged in any discrimination, retaliation or other unlawful conduct.

15-16. The allegations of Paragraphs 15 and 16 thereof assert legal conclusions to which no further response is required. To the extent any factual allegations are contained therein, they are denied.

## ANSWER TO PLAINTIFF'S ALLEGATIONS "GIVING RISE TO THIS ACTION"

17. Answering the allegations of Paragraph 17 thereof, Defendants admit that Plaintiff began her at-will employment with RSKO on or about October 1, 2001 as Director of Finance; and that on May 10, 2005 Plaintiff received written confirmation that her at-will employment was being terminated by RSKO, effective on that day, for a legitimate, non-discriminatory and non-retaliatory reason. Except as herein expressly admitted, the remaining allegations of Paragraph 17 are denied.

18-33. Defendants deny the allegations of Paragraphs 18 through 33 thereof.

34. Answering the allegations of Paragraph 34 thereof, Defendants admit that Plaintiff's duties while employed by RSKO included the responsibility to ensure that RSKO's anti-discrimination policy was properly implemented, observed and enforced. Except as herein expressly admitted, the remaining allegations of Paragraph 34 thereof are denied.

35. Defendants deny the allegations of Paragraph 35 thereof.

36. Answering the allegations of Paragraph 36 thereof, Defendants admit that Plaintiff attended some Human Resource, Audit & Finance and Management Committee meetings. Except as herein expressly admitted, the remaining allegations of Paragraph 36 thereof are denied.

37-38. Defendants deny the allegations of Paragraphs 37 and 38 thereof.

39. Answering the allegations of Paragraph 39 thereof, Defendants admit that on December 22, 2004 certain shareholders of RSKO gave Plaintiff her performance review for 2004 which included constructive criticisms of Plaintiff's performance and provided her with a bonus but no salary increase. Except as herein expressly admitted, the remaining allegations of Paragraph 39 thereof are denied.

40. Defendants deny the allegations of Paragraph 40 thereof.

41. Answering the allegations of Paragraph 41 thereof, Defendants admit that on May 2, 2005 Messrs. Richards and Halperin met with Plaintiff and discussed, inter alia, her separation from RSKO including a proposed severance arrangement. Except as herein expressly admitted, the remaining allegations of Paragraph 41 thereof are denied.

42. Answering the allegations of Paragraph 42 thereof, Defendants admit that RSKO sent Plaintiff a letter dated May 10, 2005 confirming the termination of Plaintiff's at-will employment, effective on that day, for a legitimate non-discriminatory and non-retaliatory reason, and that as a result of Plaintiff's termination and in accordance with the plan documents, Plaintiff no longer accrued any vested service in the Richards Spears Kibbe & Orbe LLP 401(k) Retirement Plan (the "Plan"). At that time, Defendants Fraser and Halperin were not trustees of the Plan. Except as herein expressly admitted, the remaining allegations of Paragraph 42 thereof are denied.

43. Defendants deny the allegations of Paragraph 43 thereof.

### ANSWER TO PLAINTIFF'S FIRST CAUSE OF ACTION

44. Defendants repeat and reincorporate Paragraphs 1 through 43 hereof as though fully set forth at length herein.

45-46. Defendants deny the allegations of Paragraphs 45 and 46 thereof.

### ANSWER TO PLAINTIFF'S SECOND CAUSE OF ACTION

47. Defendants repeat and reincorporate Paragraphs 1 through 46 hereof as though fully set forth at length herein.

48-49. Defendants deny the allegations of Paragraphs 48 and 49 thereof.

### ANSWER TO PLAINTIFF'S THIRD CAUSE OF ACTION

50. Defendants repeat and reincorporate Paragraphs 1 through 49 hereof as though fully set forth at length herein.

NJ 226,377,662v1 4/14/2008

51-52. Defendants deny the allegations of Paragraphs 51 and 52 thereof.

### ANSWER TO PLAINTIFF'S FOURTH CAUSE OF ACTION

53. Defendants repeat and reincorporate Paragraphs 1 through 52 hereof as though fully set forth at length herein.

54-56. Defendants deny the allegations of Paragraphs 54 through 56 thereof.

### ANSWER TO PLAINTIFF'S FIFTH CAUSE OF ACTION

57. Defendants repeat and reincorporate Paragraphs 1 through 56 hereof as though fully set forth at length herein.

58-59. Defendants deny the allegations of Paragraphs 58 and 59 thereof.

### ANSWER TO PLAINTIFF'S SIXTH CAUSE OF ACTION

60. Defendants repeat and reincorporate Paragraphs 1 through 59 hereof as though fully set forth at length herein.

61-62. Defendants deny the allegations of Paragraphs 61 and 62 thereof.

### ANSWER TO PLAINTIFF'S SEVENTH CAUSE OF ACTION

63. Defendants repeat and reincorporate Paragraphs 1 through 62 hereof as though fully set forth at length herein.

64-65. Defendants deny the allegations of Paragraphs 64 and 65 thereof.

### ANSWER TO PLAINTIFF'S EIGHTH CAUSE OF ACTION

66. Defendants repeat and reincorporate Paragraphs 1 through 65 hereof as though fully set forth at length herein.

67-68. Defendants deny the allegations of Paragraphs 67 and 68 thereof.

### ANSWER TO PLAINTIFF'S NINTH CAUSE OF ACTION

69. Defendants repeat and reincorporate Paragraphs 1 through 68 hereof as though fully set forth at length herein.

70-71. Defendants deny the allegations of Paragraphs 70 and 71 thereof.

### ANSWER TO PLAINTIFF'S TENTH CAUSE OF ACTION

72. Defendants repeat and reincorporate Paragraphs 1 through 71 hereof as though fully set forth at length herein.

73-75. Defendants deny the allegations of Paragraphs 73 through 75 thereof.

### ANSWER TO PLAINTIFF'S ELEVENTH CAUSE OF ACTION

76. Defendants repeat and reincorporate Paragraphs 1 through 75 hereof as though fully set forth at length herein.

77-81. Defendants deny the allegations of Paragraphs 77 through 81 thereof.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff dismissing with prejudice Plaintiff's Amended Complaint and each and every cause of action alleged therein and awarding Defendants their attorneys' fees, costs of suit and such other relief as the Court deems proper.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint and each and every cause of action alleged therein fail to state a claim upon which relief can be granted, including Plaintiff's claims based upon Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), the Employee Retirement Income Security Act, 29 U.S.C. § 1100, et seq. ("ERISA"), Title 8, Chapter 1, of the Administration Code of the City of New York, N.Y.C. Admin. Code § 8-101, et seq. ("NYCHRL") and the common law.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint and each and every cause of action alleged therein are barred by the applicable statutes of limitation and the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies, including pursuant to the Plan as well as Title VII, ERISA and the NYCHRL.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to file a timely and sufficient Charge of Discrimination.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's ERISA claim is barred by the express terms of the Plan.

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff failed to file a claim or seek an appeal of the determination of the benefits allegedly due her under the Plan and since that determination was consistent with the express terms of the Plan, and was not arbitrary or capricious or an abuse of discretion, Plaintiff's ERISA claim fails.

### SEVENTH AFFIRMATIVE DEFENSE

The Amended Complaint and each and every cause of action alleged therein are barred by the Statute of Frauds, N.Y. General Obligations Law § 5-701(a) and the Parole Evidence Rule.

### EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, the Amended Complaint and each and every cause of action alleged therein are barred by the doctrines of accord and satisfaction, consent, estoppel, judicial estoppel, payment, unclean hands, ratification and waiver.

### NINTH AFFIRMATIVE DEFENSE

Defendants did not breach any duty to Plaintiff allegedly imposed by contract or operation of law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff did not engage in or threaten to engage in any conduct protected by Title VII, ERISA, the NYCHRL or otherwise, nor was Plaintiff ever subjected to any retaliatory action.

### ELEVENTH AFFIRMATIVE DEFENSE

At all relevant times, RK&O (or its predecessor RSKO) has had an anti-discrimination policy with complaint procedures in place and has exercised reasonable care to prevent and correct promptly any alleged acts of discrimination known by Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of the aforesaid preventive or corrective opportunities provided by RK&O, such as the established internal procedures.

### THIRTEENTH AFFIRMATIVE DEFENSE

All employment actions regarding or affecting Plaintiff, including the termination of her at-will employment with RSKO were based upon legitimate, non-discriminatory and non-retaliatory reasons that in no way related to Plaintiff's ERISA rights, gender or any other allegedly protected status or conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants' conduct was consistent with all applicable policies and procedures.

### FIFTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims for damages are barred in whole or part by the after-acquired evidence doctrine.

### SIXTEENTH AFFIRMATIVE DEFENSE

Without conceding that Defendants have the burden of proof on this issue, at all relevant times, Plaintiff was an employee at-will of Defendant whose employment, compensation and benefits could be terminated at any time with or without notice or cause.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any claim for compensatory or punitive damages are governed by or subject to the requirements and limitations of Title VII, as amended, (42 U.S.C. § 1981a, et seq.), the NYCHRL and common law. Punitive damages are not recoverable pursuant to ERISA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Without conceding that Defendants have the burden of proof on this issue, and expressly denying that Plaintiff suffered any actionable damages, Plaintiff cannot recover punitive damages because Defendants at all relevant times made a good faith effort to comply with all applicable laws and any allegedly discriminatory action or decision was contrary to those good faith efforts.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages and an award of punitive damages would violate Defendants' rights under the United States and New York Constitutions including, inter alia, their constitutional rights to due process and protection from excessive fines and penalties.

## TWENTIETH AFFIRMATIVE DEFENSE

At all times referenced in the Amended Complaint, Defendants acted in good faith toward Plaintiff and did not at any time, directly or indirectly, act or induce any acts constituting a cause of action, and, in particular, did not engage in any intentional discriminatory or retaliatory conduct (directly or indirectly) against Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff has failed to diligently mitigate any alleged damages and, therefore, is barred from receiving all or part of the relief requested in the Amended Complaint.

NJ 226,377,662v1 4/14/2008

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Without conceding that Defendants have the burden of proof on this issue, Plaintiff did not suffer any damages attributable to any allegedly wrongful conduct by Defendants.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Amended Complaint lacks any reasonable basis in law or fact. Accordingly, upon the dismissal thereof, Defendants are entitled to recover all of their attorneys' fees and costs of suit pursuant to Title VII, ERISA, the Administrative Code of the City of New York, § 8-502(f) and Fed. R. Civ. P. 11.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims of personal injuries or damages are barred by the exclusivity provisions of the New York Workers Compensation Act, §§ 11 and 29(b).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants reserve the right, pending the completion of discovery, to assert such additional defenses as may exist.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury upon each of the causes of action so triable (excluding Plaintiff's ERISA claim).

Dated: New York, New York
April 14, 2008

GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Attorneys for Defendants

By: _____
J. Michael Riordan (JMR 5116)

11