UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAUREN E. GABEL,<br><br>Plaintiff,<br><br>v.<br><br>RICHARDS SPEARS KIBBE & ORBE LLP n/k/a RICHARDS KIBBE & ORBE LLP, LEE S. RICHARDS III, DAVID SPEARS, LARRY G. HALPERIN, BRIAN S. FRASER, JONATHAN KIBBE, WILLIAM Q. ORBE, MICHAEL D. MANN, and JOHN and JANE DOES 1 through 20,<br><br>Defendants. | 07 Civ. 11031 (CM) (THK)<br><br>**CONSENT PROTECTIVE ORDER**<br><br> |

**THIS MATTER**, having been opened to the Court by Eric M. Nelson, Esq., attorney for Plaintiff; and Greenberg Traurig, LLP, attorneys for Defendants; and counsel for Plaintiff and Defendants having consented to the form and entry of this Order and submitted the Certification required pursuant to Fed. R. Civ. P. 26(c)(1) and for good cause shown,

**IT IS** on this 21st day of May, 2008;

**ORDERED** as follows:

1. (a) The provisions of this Order shall apply to (i) the named parties to this proceeding and their employees, if any; and (ii) counsel for the named parties to this proceeding, and their employees, if any. As used herein, "person" includes the named parties and others who have agreed to be or are otherwise hereby bound by this Order; "parties" is limited to the named parties in this proceeding.

(b) The restrictions contained in this Order shall apply to both documents (including all copies, excerpts and summaries thereof) and information. The term "material" shall be used herein to refer to documents and information.

2. (a) Any person or non-party may designate as "CONFIDENTIAL" any non-public material which is produced in the course of these proceedings herein when such material contains confidential commercial, financial or business information. Except as otherwise provided herein, "CONFIDENTIAL" material shall be used only for the purpose of this proceeding, <u>Lauren E. Gabel v. Richards Spears Kibbe & Orbe LLP, et al.</u>, Civil Action No. 07 Civ. 11031 (CM) (S.D.N.Y.), and not for any business or other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except as follows. "CONFIDENTIAL" material produced by the parties or by any non-party witness subpoenaed by the parties in this proceeding shall be made available only to:

(i) the parties themselves;

(ii) the parties' designated outside counsel and persons employed or otherwise retained by their outside counsel in para-professional, clerical, stenographic or ministerial positions;

(iii) independent, outside experts or consultants retained by the parties or their outside counsel for purposes of this action;

(iv) court reporters or typists recording or transcribing testimony in this action and any outside independent reproduction firm for purposes of reproducing such material in this action;

(v) current employees of any party working on this matter for such party;

(vi) the Court and its personnel; and

(vii) any actual non-party witness at such witness's deposition or at trial herein.

If a party wishes to disclose "CONFIDENTIAL" material to an expert or consultant hired for the purpose of this proceeding pursuant to Paragraph 2(a)(ii) or to an actual non-

2

party witness pursuant to Paragraph 2(a)(vi), the party seeking to disclose the "CONFIDENTIAL" material shall provide such person with a copy of this Order and obtain and retain a copy of the Confidentiality Undertaking attached to this Stipulated Protective Order as Exhibit A, signed by the person, prior to disclosure, receipt or review of any "CONFIDENTIAL" material.

(b)   All pleadings or other material filed with the Clerk of the Court which incorporate or disclose "CONFIDENTIAL" materials shall be filed under seal and shall remain under seal until such time as the Court orders otherwise.  The party filing any document which reflects, contains or includes any "CONFIDENTIAL" material subject to this Stipulated Protective Order shall file such document in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the appropriate legend, and a statement substantially in the following form:

> THIS ENVELOPE CONTAINING THE ABOVE IDENTIFIED PAPERS FILED IS SUBJECT TO A PROTECTIVE ORDER OF THE COURT AND IS NOT TO BE OPENED OR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY ORDER OF THE COURT OR BY AGREEMENT OF THE PARTIES.

(c)   Sealed records which have been filed with the Clerk of the Court shall be removed by the party submitting them (i) within ninety (90) days after a final decision is rendered if no appeal is taken, or (ii) if an appeal is taken, within thirty (30) days after final disposition of the appeal.  Parties failing to comply with the directives in this subparagraph shall be notified by the Clerk of the Court that should they fail to remove the sealed records within thirty (30) days, the Clerk of the Court may dispose of them.

3.   Any party may request at any time permission to disclose "CONFIDENTIAL" material to a person other than those permitted under Paragraph 2 above by serving a written request upon the Producing Party and its counsel, which states the material it wishes to disclose, to whom, and a short explanation as to why disclosure would be appropriate.  The

3

Producing Party or its counsel shall thereafter respond to the request in writing within five (5) business days of its receipt of said request and, if consent is being withheld, shall state the reasons why consent is being withheld. A failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the Discovering Party and the Producing Party are subsequently unable to agree on the terms and conditions of disclosure, disclosure may be only made on such terms as the Court may provide. Notwithstanding the foregoing, a copy of this Order shall be given to each person to whom disclosure is made under the terms of this paragraph before being shown such material, and each such person shall be expressly advised that such material shall not be used or further disclosed contrary to the terms of this Order. In addition, each such person shall agree in writing to the Confidentiality Undertaking attached hereto as Exhibit A prior to disclosure, receipt or review of any "CONFIDENTIAL" material. The party seeking disclosure shall obtain, retain and serve on opposing counsel a copy of the signed Confidentiality Undertaking.

4.   Designation pursuant to Paragraph 2, above, shall be accomplished by employing the legend "CONFIDENTIAL" as follows:

(a)   In the case of documents or other materials, the appropriate legend shall be placed on the document or materials prior to its production to counsel for the party or parties receiving the "CONFIDENTIAL" documents or materials.

(b)   In the case of information incorporated in answers to interrogatories or in responses to requests for admission, the appropriate legend shall be placed on the interrogatory answers or responses to requests for admission, and such answers or responses shall be separately produced.

(c)   In the case of material revealed during a deposition, designation of the portions of the transcript (including exhibits) may be designated as "CONFIDENTIAL" by any party or witness during the deposition itself or in writing, served on the parties (and the

4

witness, if the witness is a non-party) within thirty (30) days after receipt of the transcript by the designating party, in which case each party (and the witness, if the witness is a non-party) shall stamp the covers of the original and each copy of the transcript in their possession with the word "CONFIDENTIAL." Deposition transcripts shall automatically be treated as "CONFIDENTIAL" during the thirty-day period after receipt of the transcripts by all parties, or as otherwise agreed by the parties and/or the witness.

5. Any party may object to the propriety of the designation (or re-designation) of specific materials as "CONFIDENTIAL" by serving a written objection on the Producing Party or its counsel. The Producing Party shall thereafter, within ten (10) business days of receipt of such objection, respond to such objection by either (i) agreeing to remove the designation or (ii) stating the reasons why the designation was made. If the objecting party and the Producing Party are subsequently unable to agree, the objecting party shall be free to move the Court for an Order removing the disputed designation. The moving party shall have the burden of proving that the "CONFIDENTIAL" material was not properly designated as "CONFIDENTIAL." The material in issue shall continue to be treated as "CONFIDENTIAL" until the Court orders otherwise.

6. Nothing in this Stipulated Protective Order shall prevent any qualified counsel from utilizing "CONFIDENTIAL" material in the examination of any person who is (i) an employee or consultant of a party, and any of their successors or assigns, which designated the "CONFIDENTIAL" material; (ii) reasonably believed to be the author or source of the "CONFIDENTIAL" material; (iii) reasonably believed to have been a recipient of the "CONFIDENTIAL" material; or (iv) reasonably believed to have been an employee or consultant of the producing person or non-party, or any of their successors or assigns, at the time the document was generated, irrespective of which person or non-party produced such material. Except as set forth in clauses (i)-(iv) of the preceding sentence, a non-party witness

may not be shown "CONFIDENTIAL" material except upon compliance with Paragraph 2 of this Order.

7.  If a Producing Party inadvertently discloses to a discovering party material that is protected by the attorney-client privilege, attorney work product immunity, or otherwise immune from discovery, the Producing Party shall promptly upon discovery of such disclosure so advise the Discovering Party in writing and request that the privileged item or items be returned and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the Discovering Party will return such inadvertently produced privileged item or items and all copies thereof within ten (10) days of receiving a written request for the return of such item or items. If the Discovering Party seeks to challenge the assertion of privilege, then the Discovering Party may retain one (1) copy of the inadvertently produced privileged item for purposes of said challenge. The copy of the inadvertently produced privileged material will not be utilized for any other purpose during the pendency of the challenge. The parties will either agree amicably to the disposition and use of the inadvertently produced privileged material, or failing an amicable resolution, the disposition and use will be decided by the Court. The party having returned such inadvertently produced privileged item or items may thereafter, without asserting waiver because of inadvertent production, seek production of any such materials in accordance with the Federal Rules of Civil Procedure.

8.  Nothing in this Order shall (i) restrict the use of or disclosure of "CONFIDENTIAL" material at the trial of this action; (ii) preclude any party from seeking an order protecting "CONFIDENTIAL" material from unnecessary disclosure at trial; or (iii) restrict the use or disclosure of "CONFIDENTIAL" material by any party or non-party that produces the material and/or designates the material as "CONFIDENTIAL."

9. This Order, insofar as it restricts the communication and use of material, shall continue to be binding throughout and after the conclusion of this litigation. In addition, at the conclusion of this proceeding, including all appeals:

(a) Each party shall turn over to their outside counsel all "CONFIDENTIAL" material produced by another person under Paragraph 2 above, and counsel also shall take reasonable steps to reclaim any such material from anyone else known to have received copies from that counsel and/or its/his client.

(b) Within sixty (60) days after the conclusion of this litigation, including all appeals, each party's outside counsel shall return to outside counsel for the Producing Party all materials designated as "CONFIDENTIAL" or shall destroy all such materials and certify in writing to outside counsel for the producing party that such destruction has taken place; and

(c) The provisions of Paragraph 9(a) and (b) above are not applicable to (i) any material that became a part of the publicly available Court record in this proceeding (by use as a trial or deposition exhibit, inclusion in material filed with the Court, inclusion in the record on any appeal, or otherwise) or (ii) any "CONFIDENTIAL" material that has been referenced, quoted, summarized, attached to as an exhibit or otherwise incorporated into attorney work product prepared by counsel for the parties ("Work Product Material"). The provisions of this Order shall continue in full force as to any Work Product Material.

10. If any party receives a subpoena or other compulsory process demanding "CONFIDENTIAL" material produced by another person or non-party or is directed by any court or administrative tribunal to produce such "CONFIDENTIAL" material, that party shall promptly (i) give notice of the subpoena or direction to the person so designating the information or document and (ii) describe the confidential documents or information such party intends to disclose in response to such subpoena or direction. Any party hereto shall have standing to seek a protective order or other appropriate relief. The party receiving the

subpoena or direction may produce "CONFIDENTIAL" material in response to the subpoena or direction if (i) prior written consent of the designating party has been obtained; (ii) a court has ordered that the information or documents be produced; or (iii) the designating party has been notified of the subpoena or direction pursuant to this paragraph, but has not, prior to the return date, moved for a protective order. "CONFIDENTIAL" material shall not be produced if a motion for a protective order is pending.

11. Any party may, on notice, apply to the Court at any time for modification of this Order. *The Court reserves the right to modify this Order.* T.K.

The undersigned hereby acknowledge their consent to the form and entry of this Order.

_____
Eric M. Nelson
Attorney at Law
112 Madison Avenue, 6th Floor
New York, New York 10016
Attorney for Plaintiff Lauren Gabel

_____
J. Michael Riordan
GREENBERG TRAURIG, LLP
200 Park Avenue, P.O. Box 677
Florham Park, New Jersey 07932
Attorneys for Defendants
Richards Kibbe & Orbe LLP, Lee S. Richards III, David Spears, Larry G. Halperin, Brian S. Fraser, Jonathan Kibbe, William Q. Orbe and Michael D. Mann

Dated: MAY 14, 2008

Dated: _____, 2008

SO ORDERED:

_____
Theodore H. Katz, U.S.M.J.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAUREN E. GABEL,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARDS SPEARS KIBBE & ORBE LLP n/k/a RICHARDS KIBBE & ORBE LLP, LEE S. RICHARDS III, DAVID SPEARS, LARRY G. HALPERIN, BRIAN S. FRASER, JONATHAN KIBBE, WILLIAM Q. ORBE, MICHAEL D. MANN, and JOHN and JANE DOES 1 through 20,<br><br>    Defendants. | 07 Civ. 11031 (CM)<br><br>**CONFIDENTIALITY UNDERTAKING** |

    I, _____, hereby acknowledge that I have been provided a copy of the Protective Order entered in the above-captioned matter, a copy of which is annexed hereto and incorporated herein by reference.

    I further acknowledge that I have read the aforesaid Order and agree to be bound by the terms and conditions and limitations contained therein regarding the review and disclosure of confidential information in this litigation, and I hereby consent to the personal jurisdiction of the United States District Court, Southern District of New York, for any proceedings involving the enforcement of the Order.

Dated: _____        _____